UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| LAURA ACKERMAN, individually and on behalf of all others similarly situated, | Case No. 4:23-cv-61 |
| *Plaintiff*, | **CLASS ACTION COMPLAINT** |
| | **DEMAND FOR JURY TRIAL** |
| *v.* | |
| LOOK BOTH WAYS INSURANCE LLC d/b/a MILLENNIUM HEALTH ADVISORS | |
| *Defendant.* | |

Plaintiff Laura Ackerman ("Plaintiff" or "Ms. Ackerman") brings this Class Action Complaint and Demand for Jury Trial against Defendant Look Both Ways Insurance LLC d/b/a Millennium Health Advisors ("Defendant" or "Millennium Health") to stop the Defendant from violating the Telephone Consumer Protection Act by making telemarketing calls using artificial or pre-recorded voice messages to cellular telephone numbers without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Ackerman, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## I.    INTRODUCTION

1.    <u>Nature of Action</u>.    As the Supreme Court explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants,* 140 S. Ct. 2335, 2343 (2020).

2.    The FCC also has received an increasing number of complaints about unwanted calls. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

3.    "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

4.    Ms. Ackerman alleges that Millenium Health made unsolicited telemarketing pre-recorded calls to her and other without their prior express written consent.

5.    Ms. Ackerman also alleges that Millennium Health's made unsolicited telemarketing calls to Virginia telephone numbers on the National Do Not Call

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

Registry, and that by doing so, Millennium Health has violated the provisions of the Virginia Telephone Privacy Protection Act, Va. Stat. § 59.1-510 *et seq.* ("VTPPA").

6. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

## II. PARTIES

7. Plaintiff Laura Ackerman is an individual residing in Virginia in this District.

8. Defendant Look Both Ways Insurance LLC d/b/a Millennium Health Advisors is a Florida limited liability company.

9. Defendant engages in telemarketing into this District, as it did with Plaintiff.

## III. JURISDICTION AND VENUE

10. Jurisdiction. This Court has subject matter jurisdiction over Plaintiff's TCPA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's TCPA claim arise under the laws of the United States, specifically, 47 U.S.C. § 227. This Court also has supplemental jurisdiction over the state law claims because they related to the same telemarketing conduct.

11.    Personal Jurisdiction.  This Court has personal jurisdiction over Millennium Health because it sells services in Virginia, and this action arises from calls into Virginia to sell its services.

12.    Venue. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## IV.    BACKGROUND

13.    In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

**A.    The TCPA prohibits pre-recorded calls to Cell Phones.**

14.    The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call.  *See* 47 U.S.C. § 227(b)(1)(A)(iii).

15.    The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B).  *See* 47 U.S.C. § 227(b)(3).

16.    According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

17.    In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines.  Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer:  (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

**B.    The VTPPA prohibits calls to numbers on the National Do Not Call Registry.**

18.    Virginia has also passed the Virginia Telephone Privacy Protection Act, Va. Stat. § 59.1-510 *et seq.* ("VTPPA") to protect its consumers from unwanted telemarketing.

19.    It is a violation of the VTPPA to "initiate, or cause to be initiated, a telephone solicitation call to a telephone number on the National Do Not Call Registry …." Va. Stat. § 59.1-514(B).

## V.    FACTUAL ALLEGATIONS

20.    Millennium Health is a company that performs telemarketing to generate new insurance customers.

21.    Recipients of these telemarketing calls, including Plaintiff, did not consent to receive such calls.

22.    Those telemarketing calls violate the TCPA when they are made with pre-recorded messages.

23.    Plaintiff Ackerman's telephone number, (757)-XXX-5764, is a cellular telephone registered on the National Do Not Call Registry and has been continuously since 2015.

24.    Ms. Ackerman's telephone number is used for personal and household purposes.

25.    Ms. Ackerman's telephone number is not associated with a business.

26.     Despite this, Ms. Ackerman still received two telephone calls from the Defendant on April 17, 2023.

27.     The calls left a pre-recorded voice, which said, "Hi this is Jen and I am here to find you an affordable health plan. I see your recent request and I have some great options to go over with you. Please give me a call back 855-352-3282 and let's find you the best plan at the best price."

28.     The call was clearly pre-recorded because there was a delay and pause before the pre-recorded voice starting talking, it was generic in tone and non-personalized and had a robotic sounding voice.

29.     The Plaintiff did not make any such request and hadn't been shopping for insurance.

30.     The company was not identified in the pre-recorded message.

31.     The Plaintiff called back the number for the pre-recorded message.

32.     She then talked to Jean Odalus, who is an employee of the Defendant.

33.     Jean Odalus is licensed with the Defendant and provides contact information at Millennium Health Advisors, 3111 N University Dr Ste 608, Coral Springs, FL 33065.

34.     That is an address of the Defendant.

35.     Jean Odalus then promoted the Defendant's insurance services, including asking about the Plaintiff's age, current insurance provider, income level, type of plan she desired as well as any pre-existing conditions.

36.     These questions were all consistent with the pre-recorded message solicitation designed to get the call recipient "a price" on an insurance plan.

37.     Ms. Ackerman did not provide her prior express written consent to Defendant to receive the calls.

38.     Ms. Ackerman's attorney wrote to the Defendant about the telemarketing calls.

39.     The Defendant did not respond.

40.     Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were annoyed and harassed, and, in some instances, they were charged for incoming calls.  The calls occupied their cellular telephone lines, rendering them unavailable for legitimate communication.

## VI.     CLASS ACTION ALLEGATIONS

41.     <u>Class Definition</u>.  Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this case on behalf of the following Classes (the "Classes") defined as follows:

**<u>Pre-recorded Call Class</u>:** All persons in the United States who from four years prior to the filing of this action

through trial (1) Defendant called on their cellular telephone number (2) using a pre-recorded voice message

**VTPPA Class:** All persons in Virginia or with a Virginia area code, who, (1) received a telephonic sales call from Millenium Health and/or a third party acting on Millenium Health's behalf regarding goods or services, (2) to a number on the National Do Not Call Registry (3) from the four years prior to the filing of the complaint through the date of trial.

42.    Excluded from the Classes are counsel, Defendant, any entities in which Defendant has a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

43.    The Classes, as defined above, are identifiable through telephone records and telephone number databases.

44.    The potential members of the Classes number at least in the thousands.

45.    Individual joinder of these persons is impracticable.

46.    Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

CLASS ACTION COMPLAINT
-9-

47.    Plaintiff is a member of each of the Classes and will fairly and adequately represent and protect the interests of the Classes as she has no interests that conflict with any of the Class members.

48.    Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, and the intrusion on their telephone that occupied it from receiving legitimate communications.

49.    This class action complaint seeks injunctive relief and money damages.

50.    There are numerous questions of law and fact common to Plaintiff and members of the Classes. These common questions of law and fact include, but are not limited to, the following:

a.    whether Defendant systematically made calls with pre-recorded messages to cellular phones;

b.    Whether Defendant telemarketing calls to numbers on the National Do Not Call Registry that were Virginia residents;

c.    whether Defendant made calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;

d.    whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

51.     Plaintiff's claims are typical of the claims of the Classes.

52.     Plaintiff's claims, like the claims of the Classes, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

53.     Plaintiff is an adequate representative of the Classes because her interests do not conflict with the interests of the Classes, she will fairly and adequately protect the interests of the Classes, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

54.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

55.     A class action is the superior method for the fair and efficient adjudication of this controversy. Classwide relief is essential to compel Defendant to comply with the TCPA. The interest of individual members of the Classes in individually controlling the prosecution of separate claims against Defendant are small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer

difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

56.    Defendant has acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Classes appropriate on a classwide basis. Moreover, on information and belief, Plaintiff allege that the telephone solicitation calls made by Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

## FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act
### Violations of 47 U.S.C. § 227(b)
### (On Behalf of Plaintiff and the Pre-Recorded Call Class)

57.    Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

58.    Defendant Millennium Health transmitted unwanted solicitation telephone calls to Plaintiff Ms. Ackerman and the other members of the Pre-recorded Class using a pre-recorded voice message.

59.     These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff Ms. Ackerman and the other members of the Pre-recorded No Consent Class.

60.     Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff Ms. Ackerman and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation, as well as injunctive relief.

## SECOND CAUSE OF ACTION
**Violation of the Virginia Telephone Privacy Protection Act,**
**Va. Stat. § 59.1-514**
**On Behalf of Plaintiff and the VTPPA Class**

61.     Plaintiff repeats and incorporates the allegations set forth in the prior paragraphs as if fully set forth herein.

62.     Plaintiff brings this claim individually and on behalf of VTPPA Class members against Defendant.

63.     It is a violation of the VTPPA to "initiate, or cause to be initiated, a telephone solicitation call to a telephone number on the National Do Not Call Registry …." Va. Stat. § 59.1-514(B).

64.     A "telephone solicitation call" is a call made "for the purpose of offering or advertising any property, goods, or services for sale, lease, license, or investment …." *Id* at § 59.1-510.

65.    In violation of the VTPPA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and VTPPA Class members without Plaintiff's and VTPPA Class members' prior express written consent even though VTPPA Class members were on the National Do Not Call Registry.

66.    As a result of Defendant's conduct, and pursuant to § 59.1-515 of the VTPPA, Plaintiff and VTPPA Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and VTPPA Class members are also entitled to an injunction against future calls. *Id.*

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.    Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to cellular telephone numbers using a pre-recorded voice in the future;

B.    That the Court enter a judgment awarding Plaintiff and all class members statutory damages for each violation of the TCPA and VTPPA; and

C.    An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes,

and appointing the lawyers and law firms representing Plaintiff as counsel for the

Classes;

D.    Such other relief as the Court deems just and proper.

## VII.    DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

Dated: May 16, 2023                          PLAINTIFF,
                                             By her attorney

                                             */s/ William Robinson*
                                             William Robinson
                                             VSB:76098
                                             319 N. Piedmont St., #1
                                             Arlington VA. 22203
                                             ph. 703-789-4800
                                             wprlegal@gmail.com

                                             */s/ Anthony I. Paronich*
                                             Anthony I. Paronich, *Subject to Pro Hac Vice*
                                             Paronich Law, P.C.
                                             350 Lincoln Street, Suite 2400
                                             Hingham, MA 02043
                                             (508) 221-1510
                                             anthony@paronichlaw.com
                                             **Attorney for Plaintiff**