IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| LAURA ACKERMAN, *individually and on behalf of all others similarly situated*,<br><br>     Plaintiff,<br><br>     v.<br><br>LOOK BOTH WAYS INSURANCE LLC *d/b/a Millennium Health Advisors, et al.*<br><br>     Defendants. | Case No. 4:23-cv-61 |

## OPINION & ORDER

Before the Court is the Motion to Dismiss filed by Defendant Look Both Ways Insurance LLC (d/b/a Millennium Health Advisors) (hereinafter "Millennium Health"). ECF No. 52. The Court has considered the arguments in the parties' briefing and concluded there is no need to hold a hearing on the motion. *See* Fed. R. Civ. P. 18; E.D. Va. Civ. R. 7(J). For the reasons stated herein, the motion is **DENIED**.

### I. BACKGROUND

At this juncture, the Court assumes the facts alleged in the Amended Complaint are true. Millennium Health had an agreement with Defendant Fuego Leads, LLC ("Fuego") whereby Fuego would "generate leads" for new insurance customers. ECF No. 46 ¶¶ 28–29, 57. Fuego "informed [Millennium Health] that it was going to utilize third[-]party marketing partners, such as [Defendant Infinix Media, LLC ("Infinix")], to dial [telemarking] calls." *Id.* ¶ 62. Millennium Health then

"authorized Infinix to [place] telemarketing calls and transfer [] call recipient[s] directly to [Millennium Health]." *Id.* ¶ 63. Millennium Health "controlled the content of the telemarketing that [Fuego's] call centers engaged in," and Fuego required Infinix "to follow [Millennium Health's] instructions." *Id.* ¶ 57.

The plaintiff's phone number is listed on the National Do Not Call Registry, and she did not consent to receive telemarketing calls. ECF No. 46 ¶¶ 30, 32. Nevertheless, the plaintiff "received more than 100 calls from Infinix, as part of its relationship with Fuego," all of which were "designed to sell . . . health insurance." *Id.* ¶¶ 35–36. "[O]ne such call left a pre-recorded message" that included a call-back number. *Id.* ¶ 40; *see id.* ¶ 41. The plaintiff called that number and was connected to a Millennium Health employee, who promoted Millennium Health's insurance services. *Id.* ¶¶ 45–50.

On May 17, 2023, the plaintiff sued Millennium Health, alleging violations of the Telephone Consumer Protection Act (47 U.S.C. § 227(b)) and the Virginia Telephone Privacy Protection Act (Va. Stat. § 59.1-514). ECF No. 1 ¶¶ 57–66. On February 6, 2024, the plaintiff amended the Complaint to add Fuego and Infinix as defendants. ECF No. 46. The Amended Complaint also adds a third cause of action, under 47 U.S.C. § 227(c). *Id.* ¶¶ 86–90. Millennium Health filed the instant motion to dismiss on March 18, 2024. The motion (1) alleges that the Amended Complaint fails under Fed. R. Civ. P. 12(b)(6) to state a claim against Millennium Health and (2) lodges a facial challenge to subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1), based on lack of standing. ECF Nos. 66 (motion), 67 (memorandum). The

2

motion has been fully briefed and is ripe for disposition. ECF Nos. 69 (opposition), 70 (reply).

## II. LEGAL STANDARD

### A. Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)

"To survive a motion to dismiss" under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a plaintiff must plead sufficient "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545.

### B. Facial Challenge to Subject-Matter Jurisdiction Under Fed. R. Civ. P. 12(b)(1)

A facial challenge to subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) seeks dismissal on grounds that the complaint "fails to allege facts upon which subject matter jurisdiction can be based." *Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017) (quotation marks and citation omitted). As with a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court considers whether, taking the facts alleged in the complaint as true, the plaintiff has pleaded sufficient facts to establish subject-matter jurisdiction." *Id.*

### C. Article III Standing

To plead standing, a plaintiff must plausibly allege that they have "(1) suffered an injury in fact (2) that is fairly traceable to the challenged conduct of the defendant and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016) (punctuation omitted); *Fed. Trade Comm'n v. Ross*, 74 F.4th 186, 192 (4th Cir. 2023), *cert. denied*, 144 S. Ct. 693 (2024).

## III. ANALYSIS

### A. The Amended Complaint States Claims Against Millennium Health.

In Count One, the plaintiff states a claim under the pre-recorded calls provision of the Telephone Consumer Protection Act ("TCPA"). The TCPA makes it unlawful to use an "automatic telephone dialing system or an artificial or prerecorded voice" to "make" a non-emergency call to "send . . . an unsolicited advertisement," unless the recipient of the call gave "prior express consent." 47 U.S.C. § 227(b)(1)(A)(iii). The Amended Complaint plausibly alleges that Millennium Health authorized "pre-recorded voice calls" that were made "without the prior written consent" of the plaintiff or other putative class members and that the purpose of those calls was to "generate leads" to sell insurance to "new . . . customers." ECF No. 46 ¶¶ 84, 28. [1]

---

[1] The statute includes an exception for calls "made solely to collect a debt owed to or guaranteed by the United States," 47 U.S.C. § 227(b)(1)(A)(iii), but that exception was severed from the remainder of the pre-recorded calls provision and invalidated. *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 140 S. Ct. 2335, 2356 (2020). Therefore, the

In Count Two, the plaintiff states a claim under the TCPA's do-not-call provision. The TCPA authorized creation of a national do-not-call list consisting of "telephone numbers of residential subscribers who object to receiving telephone solicitations." 47 U.S.C. § 227(c)(3); *see* 47 C.F.R. § 64.1200 (implementing regulation). A person whose number is registered on the list "who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under [the TCPA] may . . . bring an action" based on such violations. 47 U.S.C. § 227(c)(5). The Amended Complaint plausibly alleges that the defendants made or caused to be made "two or more telemarketing calls within a 12-month period to the plaintiff" and to class members "while those persons' phone numbers were registered on the National Do Not Call Registry." ECF No. 46 ¶ 88; *see id.* ¶¶ 35 (alleging that the plaintiff "received more than 100 calls from Infinix as part of its relationship with Fuego"); 40 (alleging that "at least two" such calls "were part of the calling for Millennium Health"); *see also id.* ¶ 7 (alleging that "telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*").[2]

---

plaintiff was not required to plead the purpose of the automated calls except to show that they were not "made for emergency purposes." 47 U.S.C. § 227(b)(1)(A).

[2] The motion twice points out that the Amended Complaint does not explicitly allege the dates of any of the calls the plaintiff received. ECF No. 53 at 4, 7. Millennium Health appears to cite this omission only to support its contention that the plaintiff cannot link the calls to Millennium Health itself—not to say that the Amended Complaint fails to plead the frequency element of a claim under 47 U.S.C. § 227(c)(3). However, the Court is concerned with the lack of detail the Amended Complaint presents as to the timing of the alleged calls. In stating that Millennium Health was responsible for "at least two telephone calls" to the plaintiff, the Amended Complaint

In Count Three, the plaintiff states a claim under the Virginia Telephone Privacy Protection Act ("VTPPA"). Under the VTPPA, it is unlawful to "initiate, or cause to be initiated, a telephone solicitation call to a telephone number on the National Do Not Call Registry." Va. Stat. § 59.1-514(B). For the reasons explained above, the Amended Complaint plausibly alleges liability under this statute as well.

In its motion, Millennium Health argues that the plaintiff fails to state any claim against it, because the Amended Complaint "relies on conclusory and contradictory allegations" to assert that Millennium Health is vicariously liable for the calls Infinix placed pursuant to its contract with Fuego. ECF No. 53 at 8–9. The motion argues that "the Amended Complaint fails to allege any facts plausibly suggesting the existence of an agency relationship between [Millennium Health] and Infinix," because it does not lay out how Millennium Health "manifested assent for

---

does little more than recite the statutory standard. ECF No. 46 ¶ 40; *see Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *compare* ECF No. 46 ¶ 88 ("Defendants violated the TCPA and the Regulations by making two or more telemarketing calls within a 12-month period . . . .") *with* 47 U.S.C. § 227(c)(5) ("A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may [sue]." However, the Court is required to make all reasonable inferences in the plaintiff's favor. *Iqbal*, 556 U.S. at 678. Therefore, since the Amended Complaint alleges the "pre-recorded voice calls" Millennium Health authorized "were made *en masse*," ECF No. 45 ¶ 83, the Court infers that of the "more than 100 calls" the plaintiff received as part of Fuego's campaign to "sell [her] health insurance," at least two were placed within the same year, *id.* ¶¶ 35–36. At this stage, the plaintiff has pleaded "enough to raise a right to relief [under 47 U.S.C. § 227(c)] above the speculative level"—but barely. *Twombly*, 550 U.S. at 545. Nothing in this Memorandum Opinion and Order should be taken to indicate how the Court would rule on this issue if the plaintiff were to fail to establish the dates of the alleged calls with greater specificity in response to a motion for summary judgment.

6

Inifinix [sic] to act on [Millennium Health]'s behalf, or that [Millennium Health] had any control over Infinix when it purportedly placed the two calls and message that [the] [p]laintiff claims to have received." ECF No. 53 at 7 (cleaned up).

As an initial matter, the Amended Complaint provides more detail than Millennium Health acknowledges. Specifically, the plaintiff alleges that Millennium Health "controlled the content of the telemarketing" Fuego and Infinix conducted, by "restricting the age of the individuals called [and] the volume of leads it would accept in a day[,] requiring the call centers to continue the call for a certain length of time before they could get paid[,] [and] restricting the days [and times] that the call centers could call." ECF No. 46 ¶¶ 57–58; *see Jones v. Mut. of Omaha Ins. Co.*, 639 F. Supp. 3d 537, 551 (D. Md. 2022) (finding that a plaintiff adequately pleaded agency where the complaint "provide[d] specific allegations regarding [the defendant's] ability to control the third party's telemarketing methods").

More to the point, in arguing that the plaintiff only alleges "Fuego, not [Millennium Health], had control over Infinix," the motion asks the Court to overlook the obvious factual link the Amended Complaint alleges between Millennium Health and the calls the plaintiff received: The pre-recorded message included a call-back number *that returned to a Millennium Health employee*. ECF No. 56 ¶¶ 41, 45–46. To conclude that this allegation is insufficient to sustain a claim based on vicarious liability, the Court would have to infer that Infinix sent customers to Millennium Health without Millennium Health's knowledge or against Millennium Health's will. Such an inference would be absurd, and it is not permitted by the law. *Iqbal*, 556 U.S.

7

at 678. Therefore, the Motion to Dismiss will be **DENIED** under Fed. R. Civ. P. 12(b)(6).

### B. The Amended Complaint Sufficiently Pleads Subject-Matter Jurisdiction.

Next, the motion argues that because the Amended Complaint fails to "plausibly suggest that [Millennium Health] played any role in the two calls and message that the [p]laintiff alleges she received," the plaintiff lacks standing to sue Millennium Health. ECF No. 53 at 12.[3]

As framed, this portion of the motion depends on the Court agreeing that the plaintiff fails to state a claim against Millennium Health based on vicarious liability. Therefore, the motion will be denied for the reasons the Court has already explained. Moreover, the Amended Complaint alleges that the plaintiff's injury is not just fairly traceable to Millennium Health; it was—quite literally—*traced* to that company, when the plaintiff called the number left in the pre-recorded message and a Millennium Health employee answered the line. ECF No. 56 ¶¶ 41, 45–46. Thus, the injury would be redressed by an award of damages against Millennium Health for the calls the plaintiff plausibly alleges were made at its direction and on its behalf. *See id.* ¶¶ 28–29, 57, 62–63. The Motion to Dismiss will be **DENIED** under Fed. R. Civ. P. 12(b)(1).

---

[3] Ordinarily the Court would address a challenge to subject-matter jurisdiction first—before a motion to dismiss on other grounds. However, Millennium Health's 12(b)(1) motion is essentially a 12(b)(6) motion dressed up like a jurisdictional challenge. Therefore, it is simpler to dispose of the 12(b)(1) motion after having explained the reasons the 12(b)(6) motion will be denied.

## IV. CONCLUSION

The Motion to Dismiss filed by Defendant Look Both Ways Insurance LLC (d/b/a Millennium Health Advisors) (ECF No. 52) is **DENIED**. Millennium Health is **ORDERED** to file an answer to the Amended Complaint within 14 days of the date this Memorandum Opinion and Order is entered.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

/s/
Jamar K. Walker
United States District Judge

Newport News, Virginia
May 1, 2024

9