**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Newport News Division

LAURA ACKERMAN, *individually and*
*on behalf of all others similarly*
*situated,*

    Plaintiff,

    v.

FUEGO LEADS, LLC, *et al.*

    Defendants.

Case No. 4:23-cv-61

## MEMORANDUM OPINION & ORDER

Before the Court is the Motion for Reconsideration filed by Fuego Leads, LLC. ECF No. 86. The Court has considered the arguments in the parties' briefing and concluded there is no need to hold a hearing. *See* Fed. R. Civ. P. 18; E.D. Va. Civ. R. 7(J). For the reasons stated herein, the motion will be **DENIED.**

## I.    BACKGROUND

The plaintiff sued defendants Millennium Health Advisors ("Millennium Health"), Fuego Leads, LLC ("Fuego"), and Infinix Media, LLC ("Infinix") for alleged violations of the Telephone Consumer Protection Act (47 U.S.C. § 227(b)) and the Virginia Telephone Privacy Protection Act (Va. Code Ann. § 59.1-514 (West)). ECF No. 46 (Amended Complaint). Fuego filed a motion to dismiss on March 18, 2024, claiming it is not subject to personal jurisdiction in this Court. ECF Nos. 66 (motion), 67 (memorandum). Fuego submitted an affidavit in support of its motion, but the plaintiff submitted no evidence of her own. *See* ECF Nos. 67-1 (affidavit), 69

(opposition brief). The Court denied the motion to dismiss. ECF No. 83. On May 23, 2024, Fuego filed the instant Motion for Reconsideration. ECF No. 86.

## II.     LEGAL STANDARD

### A.     Motions for Reconsideration

Fed. R. Civ. P. 54(b) provides that "any [interlocutory] order or other decision . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *See Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003) (holding that a district court has "the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment . . . ."). "A district court may grant a motion for reconsideration under Rule 54(b): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice." *LaFleur v. Dollar Tree Stores, Inc.*, No. 2:12-cv-363, 2014 WL 2121563, at *1 (E.D. Va. May 20, 2014) (citing *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (articulating the same standard for motions to amend a judgment under Fed. R. Civ. P. 59(e)).

## III.     ANALYSIS

The Court did not err when it denied the Motion to Dismiss, because Fuego's evidence did not contravene the Amended Complaint's essential allegations as to personal jurisdiction. *See Wolf v. Richmond Cnty. Hosp. Auth.*, 745 F.2d 904, 908 (4th Cir. 1984) ("[T]he allegations of the complaint, except insofar as controverted by the defendant's affidavit, must be taken as true.") (quotation marks and citation omitted). Fuego claims that the Court committed a clear error of law when it ruled in the

plaintiff's favor on the Motion to Dismiss, because the plaintiff did not rebut Fuego's

affidavit with evidence of her own. *See generally* ECF No. 87. But the Court's holding

was correct, because Fuego's proffered evidence failed to raise an issue to which the

plaintiff needed to respond with proof.

### A.    The Court Applied the Correct Standard.

It is not entirely clear whether Fuego is attempting to mislead the Court about

the nature of its evidence or whether it simply misunderstands the law. Either way,

it is helpful to lay out—in even greater detail than the Court did before—the law

surrounding motions to dismiss for lack of personal jurisdiction. The Court will then

explain why its conclusion on the Motion to Dismiss was correct.

The plaintiff bears the burden of demonstrating personal jurisdiction, when it

is challenged under Fed. R. Civ. P. 12(b)(2). *dmarcian, Inc. v. dmarcian Eur. BV*,

60 F.4th 119, 131 (4th Cir. 2023). But "[t]he plaintiff's burden . . . varies according to

the posture of a case and the evidence that has been presented to the court." *Grayson

v. Anderson*, 816 F.3d 262, 268 (4th Cir. 2016). The court may elect to "require[] the

plaintiff to establish facts supporting personal jurisdiction by a preponderance of the

evidence prior to trial." *Grayson*, 816 F.3d at 268; *see New Wellington Fin. Corp. v.

Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 n.5 (4th Cir. 2005) ("[P]laintiff[s] must

eventually prove the existence of personal jurisdiction by a preponderance of the

evidence, either at trial or at a pretrial evidentiary hearing."); *Combs v. Bakker*, 886

F.2d 673, 676 (4th Cir. 1989) ("If the existence of jurisdiction turns on disputed factual

questions[,] the court may resolve the challenge on the basis of a separate evidentiary

hearing[] or may defer ruling pending receipt at trial of evidence relevant to the

jurisdictional question."). If the district court chooses to resolve the motion on a preponderance standard, "it must conduct an evidentiary hearing." *Grayson*, 816 F.3d at 268 (quotation marks and citations omitted).[1] Thus, this approach is appropriate where "full discovery ha[s] been conducted and the relevant evidence on jurisdiction ha[s] been presented to the court." *Grayson*, 816 F.3d at 269. That was not the case here. Therefore, the Court did not require the plaintiff to prove jurisdiction by a preponderance of evidence at this stage.

Alternatively, a court may "review[] only the parties' motion papers, affidavits attached to the motion, supporting legal memoranda, and the allegations in the complaint," and decide the motion on a "*prima facie*" standard. *Grayson*, 816 F.3d at 268.[2] Generally, a plaintiff "need not present evidence in making a *prima facie* case to oppose a motion to dismiss." *Dowless v. Warren-Rupp Houdailles, Inc.*, 800 F.2d 1305, 1307 (4th Cir. 1986) (emphasis added). Regardless of which parties—if any—

---

[1] "[A]n 'evidentiary hearing' does not automatically involve or require live testimony." *Grayson*, 816 F.3d at 268 (emphasis omitted) (finding that the district court appropriately decided a personal jurisdiction motion on the preponderance standard after hearing live argument at a hearing but receiving no live evidence and relying on documentary evidence only); *see* Fed. R. Civ. P. 43(c) ("When a motion relies on facts outside the record, the court may hear the matter on affidavits or may hear it wholly or partly on oral testimony or on depositions.").

[2] Under this approach, the court implicitly defers the ultimate resolution of the jurisdiction question until trial. *See* Fed. R. Civ. P. 12(i) ("If a party so moves, any defense listed in Rule 12(b)(1)–(7) . . . must be heard and decided before trial unless the court orders a deferral until trial."); *AcryliCon USA, LLC v. Silikal GmbH*, 985 F.3d 1350, 1365 (11th Cir. 2021) ("If the district court applies the prima facie standard and denies the motion to dismiss, it is implicitly . . . ordering that hearing and determination of the motion to dismiss be deferred until the trial.") (quotation marks and citations omitted).

submit evidence, "the court must take the *allegations [in the complaint] and available evidence* relating to personal jurisdiction in the light most favorable to the plaintiff." *Grayson*, 816 F.3d at 268 (emphasis added); *cf. Mylan Laby's, Inc. v. Akzo*, 2 F.3d 56, 62 (4th Cir. 1993) (construing both parties' proof in the light most favorable to the plaintiff). Given the posture of this instant case, the Court applied this standard.

If a defendant presents evidence that "controvert[s]" the plaintiff's allegations as to personal jurisdiction, *Wolf*, 745 F.2d at 908, then the plaintiff "must present affidavits or other evidence" of their own in order to survive the motion to dismiss. *Clark v. Remark*, 993 F.2d 228, 1993 WL 134616, at *2 (4th Cir. 1993) (unpublished table opinion). There is not a mechanical rule that if the defendant files an affidavit, then the plaintiff must as well.[3] Instead, the requirement that a plaintiff present evidence flows naturally from the principle that the court must make all inferences in the plaintiff's favor. *See Grayson*, 816 F.3d at 268. Thus, if the defendant presents evidence that does *not* controvert the essential jurisdiction allegations in the complaint, then the defendant cannot overcome the inferences from the plaintiff's pleadings, and the plaintiff can survive a motion to dismiss under Fed. R. Civ. P. 12(b)(2) without presenting evidence of their own. *See Wolf*, 745 F.2d at 908 ("In ruling on a motion to dismiss for lack of personal jurisdiction, the allegations of the

---

[3] Fuego is incorrect when it asserts, without caveat, that "[the] plaintiff must present, sufficient evidence to create a factual dispute on each jurisdictional element." ECF No. 87 at 8 (quoting *Andrews v. Shandong Linglong Tyre Co.*, 2022 WL 2484544, at *1 (E.D. Va. July 6, 2022)). That rule does not apply in all circumstances. As here, it does not apply when the defendant submits proof that does not controvert the plaintiff's essential allegations as to jurisdiction. *See Wolf*, 745 F.2d at 908.

complaint, *except insofar as controverted by the defendant's affidavit*, must be taken as true.") (emphasis added, quotation marks and citations omitted).

In sum, when a defendant submits evidence on a motion to dismiss for lack of jurisdiction, the court's first inquiry is whether the evidence "controvert[s]" the allegations in the complaint as to jurisdiction. *Wolf*, 745 F.2d at 908. If the answer is yes, then the plaintiff must present rebuttal evidence, and the court must decide whether to (a) hold a hearing and resolve the question of jurisdiction before trial, on a preponderance standard; or (b) rule on the motion using a *prima facie* standard, taking all the facts and allegations in the light most favorable to the plaintiff. But if the answer is no, then the defendant has effectively presented no evidence that can overcome the presumption in favor of the plaintiff's allegations as to jurisdiction; therefore, the plaintiff need not submit evidence either, and the motion can be resolved without a hearing, by reference to the *prima facie* standard. That is what happened in this case.

**B.     Fuego Misunderstands the Court's Decision.**

Fuego's confusion centers on the first step of the process described above. In its Motion for Reconsideration, Fuego seems to assume that the affidavit it submitted in support of the Motion to Dismiss was inherently sufficient to create a factual issue to which the plaintiff was required to respond with evidence. *See, e.g.*, ECF No. 87 at 7 (asserting that it presented "uncontroverted evidence that directly controverted [the plaintiff's] allegations"). But contrary to Fuego's view, it is only "[w]here the defendant has provided evidence *which denies facts essential for jurisdiction* [that] the plaintiff must, under threat of dismissal, present sufficient evidence to create a

factual dispute on each jurisdictional element." *Andrews*, 2022 WL 2484544, at *1 (emphasis added, quotation marks and citations omitted). Were the rule otherwise, defendants could avoid being called to answer in a state with which they have minimum contacts, merely by filing affidavits that deny facts alleged in the complaint that are *not* essential to establishing jurisdiction. That is what Fuego tried to do here.

In fairness to Fuego, this area of the law is famously tricky. *See* Stephen E. Sachs, *How Congress Should Fix Personal Jurisdiction*, 108 NW. U. L. REV. 1301, 1302 (2014) (calling personal jurisdiction law "an irrational and unpredictable due process morass"); *see also* A. Benjamin Spencer, *Nationwide Personal Jurisdiction for Our Federal Courts*, 87 DENV. U. L. REV. 325, 328 (2010) (calling the doctrine "notoriously confusing and imprecise"). And the Court's writing left some things implied that could have been explicated.[4] To make the matter abundantly clear, the Court applied the *prima facie* standard in ruling on the Motion to Dismiss—and ruled in the plaintiff's favor—because Fuego's affidavit did not controvert any of the allegations in the Amended Complaint upon which personal jurisdiction was premised.

---

[4] As Fuego points out in its motion, the Opinion and Order denying the Motion to Dismiss also included an inaccurate parenthetical to a citation on page seven. To the extent Fuego intends this point as a separate claim of error—apart from the contention that the Court should have ruled against the plaintiff because she did not submit evidence—the motion is denied on that ground, because the error in the parenthetical had no bearing on the Court's analysis, which remains sound. However, the Court has nonetheless corrected the citation in an amendment filed contemporaneously with this Memorandum Opinion and Order.

C.     **The Court Correctly Concluded that Fuego's Evidence Did Not Controvert the Plaintiff's Allegations as to Jurisdiction.**

It is possible that Fuego misread the Opinion and Order denying the Motion to Dismiss and believes the *Court* found that the affidavit contravened the allegations in the Amended Complaint. *See* ECF No. 87 at 7–8 (asserting that the Court "acknowledged that the unrefuted evidence shows that it lacks personal jurisdiction over Fuego"). But the Court did not so find. The Opinion and Order on the Motion to Dismiss did say that "Fuego disagrees with the facts the plaintiff alleges." ECF No. 83 at 7. But mere disagreement over *non-essential* allegations does not support a finding that Fuego's affidavit "controvert[s]" the Amended Complaint's essential allegations as to personal jurisdiction. *Wolf*, 745 F.2d at 908; *Andrews*, 2022 WL 2484544, at *1. The Court makes this clear in the remainder of the passage, ECF No. 83 at 7, which recites a string of facts that do not directly controvert the plaintiff's essential allegations and ultimately concludes that the plaintiff met her burden—which would be impossible if Fuego's proof had controverted any of the essential allegations underlying jurisdiction. *See, e.g.*, *Clark*, 1993 WL 134616, at *2. To make the point abundantly clear, the Court will revisit and compare the facts within the affidavit and the essential allegations in the Amended Complaint.

Most of the statements in Fuego's affidavit attack straw men or non-essential allegations. *Compare Daimler AG v. Bauman*, 571 U.S. 117, 135 n.13 (2014) ("[A] corporation can purposefully avail itself of a forum by directing its agents or distributors to take action there."); ECF No. 67 at 7 (Fuego conceding that specific jurisdiction would be established if the Amended Complaint were to adequately plead

that Fuego "vicariously targeted Virginia") *with* ECF No. 67-1 ¶¶ 4–9 (discussing where Fuego is incorporated, has offices, owns property, etc.); 10 (discussing where it "regularly engages in business" and "derives substantial revenue"); 11–13 (describing its business model); 15.a. ("Fuego never . . . spoke with" the plaintiff); 15.f. ("None of the calls Infinix allegedly placed . . . were sent to market Fuego's services"). In a case where personal jurisdiction is premised on vicarious liability,[5] none of those assertions defeat the central jurisdiction allegations in the Amended Complaint. *See* ECF No. 46 ¶ 14 (alleging "[t]his Court has jurisdiction over Fuego . . . because it authorized calls into this [d]istrict" and that "Infinix . . . made [the] calls").

The following allegations in the Amended Complaint form the central basis for personal jurisdiction:

- "Millennium Health hired Fuego" to "generate leads" to help Millennium Health "obtain new insurance customers." ECF No. 46 ¶¶ 5, 28–29.

- "Fuego . . . retained Infinix" *Id.* ¶¶ 36–37.

---

[5] The federal common law of agency governs vicarious liability under the TCPA. *Hodgin v. UTC Fire & Sec. Ams. Corp.*, 885 F.3d 243, 252 (4th Cir. 2018) (quoting *Dish Network, LLC,* 28 FCC Rcd. 6574, 6584 (2013)). Courts look to the Restatement to determine federal common-law agency principles. *Id.* "[A]n agency relationship exists when a principal manifests assent to an agent that the agent shall act on the principal's behalf and subject to the principal's control[] and the agent manifests assent or otherwise consents so to act." *Krakauer v. Dish Network, LLC*, 925 F.3d 643, 659–60 (4th Cir. 2019) (quoting Restatement (Third) of Agency § 1.01 (Am. L. Inst. 2006)) (quotation marks omitted). "An agent acts with actual authority when, at the time of taking action that has legal consequences for the principal, the agent reasonably believes, in accordance with the principal's manifestations to the agent, that the principal wishes the agent so to act." Restatement (Third) of Agency § 2.01 (Am. L. Inst. 2006) (quoted in *Ashland Facility Operations, LLC v. N.L.R.B.*, 701 F.3d 983, 990 (4th Cir. 2012)).

- "Infinix . . . physically transmitted the calls that Millennium Health hired Fuego [] to make." ¶ 5.

- "Infinix made unsolicited telemarketing calls to Virginia telephone numbers on the National Do Not Call Registry . . . ." *Id.* ¶ 6. [6]

- The calls were placed "*en masse.*" *Id.* ¶ 84.

- "Millennium Health . . . controlled the content of the telemarketing that [Fuego's] call centers engaged in." *Id.* ¶ 57.

Fuego's affidavit contradicts none of them.

The affidavit states: "Fuego did not control Infinix whatsoever—for example, it didn't prepare calling scripts, tell Infinix who to contact, or otherwise direct any aspect of Infinix's alleged telemarketing." ECF No. 67 ¶ 15.e. It does *not* say that *Millennium Health* didn't control Infinix's marketing activities or that Fuego never— as the plaintiff alleges—passed along Millennium Health's instructions to Infinix. *See* ECF No. 46 ¶¶ 57, 61. The affidavit does assert that "Infinix is not, and has never been, one of Fuego's 'call centers'"—which obliquely takes aim at the plaintiff's allegation that "Millennium Health . . . controlled the content of the telemarketing that Fuego['s] call centers engaged in." ECF No. 67-1 ¶ 15.c.; ECF No. 46 ¶ 57. But

---

[6] The plaintiff is a Virginia resident. ECF No. 46 ¶ 8. The Court takes judicial notice that the plaintiff's phone number has a Virginia area code. *See id.* ¶ 32 (alleging the plaintiff's phone number); Fed. R. Evid. 201(b)(1) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . is generally known within the trial court's territorial jurisdiction[.]"); *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015) (a court may rely on judicially noticed facts in deciding a motion to dismiss, without converting the motion to one for summary judgment).

whether or not it describes Infinix as a "call center," [7] Fuego never claims that Infinix does not place calls on its behalf. ECF No. 67-1.

The affidavit also asserts that "Fuego did not authorize or engage Infinix to place any calls to [the] [p]laintiff [or] any consumers in Virginia." ECF No. 67-1 ¶ 15.b. But it does *not* say Fuego did not authorize Infinix to place calls "*en masse*" to consumers regardless of where they lived (*i.e.*, without subjectively learning their location). *See* ECF No. 46 ¶ 84. Fuego asserts that it does not subjectively "know which jurisdictions" an associated company "intends to target" with phone calls. ECF No. 67-1 ¶ 12. But that is beside the point. "[I]n the context of the TCPA, personal jurisdiction is proper in the [d]istrict where an unlawful communication is received." *Jones v. Mutal of Omaha Ins. Co.*, 639 F. Supp. 3d 537, 550 (D. Md. 2022) (quoting *Mey v. Castle Law Grp.*, 416 F. Supp. 3d 580, 586 (N.D. W.Va. 2019) (quotation marks omitted, alterations accepted); *see Payton v. Kale Realty, LLC*, 1:13-cv-8002, 2014 WL 4214917, at *3 (N.D. Ill. Aug. 26, 2014) (collecting cases). This rule makes sense, because the TCPA deals explicitly with calls placed using "equipment [that] has the capacity to [] store or produce telephone numbers to be called, using a random or sequential number generator; and [] to dial such numbers." 47 U.S.C. § 227(a)(1). Were TCPA plaintiffs required to demonstrate that defendant companies subjectively knew what "random" phone numbers such systems were "automatic[ally]

---

[7] The Amended Complaint does not define "call center" and does not appear to use it as a term of art. Therefore, the plaintiff is entitled to an inference that the term does not carry an industry-specific meaning that would exclude Infinix. The Court understands "call center" in the Amended Complaint to mean something similar to "an entity that places calls," which Fuego does not dispute Infinix is.

11

"generating" and "dial[ing]," they could likely never establish specific personal jurisdiction. *Id.* Thus, Fuego's claim that it did not specifically authorize calls to Virginia consumers, ECF No. 67-1 ¶ 15.b, does not contravene the central allegation that "the calls were received in this [d]istrict," ECF No. 46 ¶ 15.

The affidavit further states that Fuego "has not been involved in any calls transfer[red] to or from [the plaintiff's primary phone number]." ECF No. 67-1 ¶ 17. "Involved" is vague, and the Court cannot make an inference about its meaning in favor of Fuego. *Cf. Grayson*, 816 F.3d at 268. More importantly, the affidavit does not say that *Infinix* was not involved in any calls transferred to the plaintiff's primary phone number, as a result of Infinix's relationship with Fuego. ECF No. 67-1.

This distinction is vital here. If Fuego did not "retain[] Infinix" to "physically transmit the calls that Millennium Health hired Fuego [] to make," it could have easily said so. ECF No. 46 ¶¶ 37, 5. If Fuego did not enlist Infinix to place calls "*en masse*" to consumers without regard to their location, that would have been a simple and obvious assertion to include. *Id.* ¶ 84. But that is not the evidence Fuego submitted.[8] And the Court is not permitted to infer that is what it meant. *See Grayson*, 816 F.3d at 268.

Because Fuego's proffered evidence did not "controvert[]" the allegations in the Amended Complaint that were "essential for jurisdiction," *Wolf*, 745 F.2d at 908; *Andrews* 2022 WL 2484544, at *1, the Court properly concluded that—"tak[ing] the

---

[8] In its reply brief, Fuego asserts that the affidavit "stated, in no uncertain terms, that Fuego never instructed Infinix to *do anything at all*." ECF No. 91 at 1 (emphasis in original). No such statement exists in the affidavit.

allegations [in the complaint] and available evidence . . . in the light most favorable to the plaintiff," *Grayson*, 816 F.3d at 268—the plaintiff made a *prima facie* showing of personal jurisdiction against Fuego. *Id.* at 269; *Dowless*, 800 F.2d at 1307. Therefore, the Court finds no "clear error of law" in the Opinion and Order denying Fuego's Motion to Dismiss and concludes the decision therein poses no risk of "manifest injustice." *LaFleur*, 2014 WL 2121563, at *1. Accordingly, Fuego's Motion for Reconsideration will be **DENIED.**

## IV.    CONCLUSION

Defendant Fuego Leads, LLC's Motion for Reconsideration (ECF No. 86) is **DENIED.**

The **STAY** (ECF No. 89) on Fuego's deadline to file an Answer to the Amended Complaint is **LIFTED.** Fuego shall file an Answer within 14 days of the date of entry of this Memorandum Opinion and Order.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

/s/

Jamar K. Walker
United States District Judge

Newport News, Virginia
August 1, 2024

13